UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrice Hill,                                    Case No. 3:20-cv-00493

       Plaintiff

v.                                              MEMORANDUM OPINION
                                               AND ORDER

City of Toledo, et al.,

       Defendants

BACKGROUND AND HISTORY

*Pro se* Plaintiff Tyrice Hill filed this action under 42 U.S.C. § 1983 to challenge his 2005 convictions for armed robbery. He initially named the City of Toledo, Toledo Police Detective Denise Muszynski, and Lucas County Common Pleas Court Judge Lindsay Navarre as Defendants. He then amended his Complaint to add the Toledo Police Department and Lucas County as Defendants (Doc. No. 6). He amended his Complaint a second time to add Lucas County Common Pleas Court Judge Ruth Franks, and nine Ohio Appellate Court Judges (Doc. No. 9).

The Appellate Court Judges filed a Motion to Dismiss for lack of jurisdiction (Doc. No. 31) and Plaintiff filed a Motion asking to remove them as Defendants (Doc. No. 34). I am granting the Plaintiff's Motion to remove the Appellate Court Judges from this action. Before me then are the claims Plaintiff asserted against the City of Toledo, the Toledo Police Department, Toledo Police

Detective Muszynski, Lucas County Common Pleas Court Judge Franks, and Lucas County Common Pleas Court Judge Navarre.

Plaintiff was convicted of robbery and armed robbery in Lucas County on two occasions. The first was in 2000 when he was convicted of one count of robbery and sentenced to serve four years in prison. Shortly after his release, he was indicted for six armed robberies committed between June 2004 and August 2004. He confessed to committing these crimes. When his attorney's attempts to have him declared incompetent to stand trial failed, he entered into a plea agreement in which he pled guilty to three counts of armed robbery with gun specifications in exchange for dismissal of the other three charges. He was sentenced to seven years incarceration on each count, to be served consecutively, and seven years on the gun specifications for a total aggregate sentence of twenty-eight years.

Although Plaintiff contends the trial court did not inform him of his right to appeal, he nonetheless filed a timely direct appeal challenging his competency to stand trial and the effectiveness of his trial counsel. The appellate court affirmed his conviction. *State v. Hill*, No. L-05-1080, 2006 WL 456719, at *1-4 (Ohio Ct. App. Feb. 24, 2006). The Supreme Court of Ohio upheld the conviction but remanded the cases to the trial court for resentencing in light of *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). Judge Franks imposed the same prison sentence she imposed in 2005. Plaintiff did not appeal that decision.

Instead, Plaintiff filed the first of many post-judgment Motions aimed at withdrawing his guilty plea, reducing or vacating his sentence, or obtaining another appeal. He filed ten additional appeals, and a mandamus action against Franks. All of these Motions and actions were unsuccessful.

Plaintiff has now brought this civil rights action in federal court to attack his conviction. He contends the original arrest warrant was based on unsworn complaints which failed to establish

2

probable cause for his arrest. He claims the City of Toledo failed to have a policy in place to prevent this from occurring. He also claims Judge Franks did not notify him of his right to appeal. He further contends her failure to act violates the terms of his plea agreement. Judge Franks retired and Judge Navarre took her place on the bench. Plaintiff claims Judge Navarre violated his rights by not resentencing him. He asserts that Lucas County is liable to him for failing to establish policies to prevent Judges from failing to notify criminal defendants of their right to appeal. He seeks monetary and injunctive relief.

Defendants Franks, Navarre, and Lucas County filed a Motion to Dismiss. Because this action is frivolous, I do not need to decide the merits of the Motion and will dismiss this case under 28 U.S.C. § 1915(e).

STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

ANALYSIS

As an initial matter, Plaintiff is clearly attacking his conviction and his sentence. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983.

Therefore, when a state prisoner seeks damages in a § 1983 suit, I must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, I must dismiss the Complaint unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, I determine that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff is challenging the validity of the criminal complaint that was the basis for his arrest and the constitutionality of his sentencing hearing. If found to have merit, they could call his conviction or sentence into question. He must therefore demonstrate that his conviction or

4

sentence has been set aside by the state courts or by a favorable decision in a federal habeas action. Plaintiff remains incarcerated on his convictions. His claims cannot proceed.

Furthermore, it is obvious on the face of the Complaint that these claims are untimely. Ohio's two-year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Plaintiff contends that the original arrest warrant in 2004 was not supported by probable cause due to defects in the original complaint. He also alleges that Franks failed to inform him of his right to appeal at his 2005 sentencing hearing. Although Plaintiff contends he did not see the criminal complaint that formed the basis of the warrant until he requested it in March 2018, that information was available to him and his attorney from the time of his arrest. He attended the sentencing hearing and was aware at that time that Judge Franks did not advise him of his right to appeal. In fact, he did file a timely appeal of his conviction in 2005.

This action was filed in March 2020, seventeen years after the expiration of the statute of limitations. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of pro se § 1983 action filed after two year statute of limitations for bringing such an action had expired).

Moreover, Plaintiff's claims are meritless. As noted above, while Plaintiff contends Judge Franks did not inform him of his right to appeal, he nevertheless filed a timely appeal. Similarly, he claims the criminal complaint leading to his arrest warrant was not sufficient to establish probable cause for his arrest. Plaintiff, however, was charged in a separate indictment, confessed, and then pled guilty to three of the six charges. All of these provide conclusive evidence of probable cause for the charges. *Schlueter v. Southern Energy Homes, Inc.*, No. 07-5323, 2007 WL 3101251, at * 3 (6th Cir. Oct. 18, 2007).

In addition, Judges Franks and Navarre are absolutely immune from suits for damages based on their decisions from the bench in his criminal case. They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Id.* at 1116. Common Pleas Courts have subject matter jurisdiction over state criminal cases and the actions in question of Judges Franks and Navarre are decisions they made from the bench in the course of Plaintiff's criminal trial and subsequent proceedings. They are entitled to absolute immunity in this case.

Moreover, the Toledo Police Department is not *sui juris*, meaning it is not a legal entity capable of suing or being sued. *See, e.g., Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"). It is a department within the City of Toledo.

Plaintiff fails to establish a basis for liability for his claims against the City of Toledo and Lucas County. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Claims against local government entities may only be brought if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' " *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). Plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: " '(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with

final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.' " *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)). In this case, Plaintiff claims that Lucas County and the City of Toledo failed to enact policies to prevent errors from occurring. This is precisely a theory of *respondeat superior* and it cannot form the basis of liability for a civil rights claim.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge